LUTHER S. CADUGAN, PROSECUTOR, v. BOARD OF EDU-
CATION OF THE CITY OF BAYONNE, DEFENDANT.

Argued January term, 1928—Decided July 2, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Brenner & Kresch.*

For the defendant, *Benny & Cruden.*

PER CURIAM.

The prosecutor was appointed by the defendant foreman
of laborers for the term of two years from May 24th, 1923.
On February 19th, 1925, the board passed a resolution re-
citing that inasmuch as the number of laborers had been
reduced, there remained no necessity for the employment of
a foreman, and the position was therefore abolished.

The prosecutor attacks the good faith of this action, and
states in his deposition that there were more laborers em-
ployed at the time of his dismissal than at any previous time
during his employment; that another was appointed to his
position at an increased salary; that threats and promises
were made in order to induce his wife to resign from mem-
bership in the board.

The prosecutor contends that the School law gives the
board power to employ all necessary officers and employes,
but is silent as to the term of employment. As the board is
required to reorganize annually, employes manifestly could

only be hired for one year, in the absence of specific legislation otherwise.

The respondent claims that the threats and inducements made to force the resignation of the prosecutor's wife as a member of the board, if any, were made by strangers to the board, and, therefore, could not bind the board or be chargeable to it.

The respondent also contends that the prosecutor is guilty of laches in that the resolution of dismissal was passed February 19th, 1925, and the writ was allowed May 7th, 1926. An appeal was taken to the commisioner of education, November 4th, 1925, and a decision was rendered December 18th, 1925. The commissioner held that he had no jurisdiction, as the School law gave to the prosecutor no tenure of office, and that the proper remedy was an action for breach of contract. The action thus suggested was then instituted, and notice to dismiss was given by the respondent on the ground that no action would lie until the resolution was set aside. This writ was then applied for and allowed.

The respondent assigns other defenses to the proceeding, but it is unnecessary to discuss them here further than to observe that while the power of the board to discharge, upon the ground asserted, may be questioned, that contention is not presented by any reason assigned in the record, and is therefore not before us. *Rahway* v. *Board of Health*, 80 *N. J. L.* 166; *Suburban Land Co.* v. *Valisburgh*, 68 *Id.* 311.

The writ will therefore be dismissed.